**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JENNIFER CAPUTO-CONYERS,**

      **Plaintiff,**

-vs-                                                       **Case No. 6:05-cv-341-Orl-31KRS**

**BERKSHIRE REALTY HOLDINGS, LP,**

      **Defendant.**

## ORDER

In this case, the Plaintiff, Jennifer Caputo-Conyers (the "Plaintiff") has sued the Defendant, Berkshire Realty Holdings, LP ("BRH"), alleging gender and pregnancy discrimination under Title VII of the Civil Rights Act, 42 U.S.C. section 2000e, *et seq.* ("Title VII"), as well as a violation of the Family and Medical Leave Act, 29 U.S.C. 2601, *et seq.* (the "FMLA"). The matter is presently before the Court on BRH's Motion to Dismiss, (Doc. 9), and the Plaintiff's Response thereto, (Doc. 14).[1] The Defendant also filed a Reply. (Doc. 15).

**I.      Background**

      A. The Parties

The Plaintiff is a resident of Seminole County, Florida. BRH is a foreign limited partnership licensed to do business in the State of Florida, and has more than one hundred employees.[2]

---

[1] The Plaintiff's Complaint appears at Doc. 1.

[2] The Plaintiff states both that BRH is a foreign corporation licensed to do business in Florida, and that BRH is a foreign corporation incorporated under the laws of Florida. In actuality, it appears that BRH is a Delaware limited partnership with a principal business address in Boston,

B. Facts

BRH hired the Plaintiff in May of 2003 as Assistant Property Manager at the Altamonte Bay Club, a property BRH owns. While she was employed, the Plaintiff performed the duties of her job in a satisfactory manner, received positive performance reviews, and was awarded merit pay increases. In November of 2003, a District Manager approached the Plaintiff and offered her a promotion to the position of Property Manager for the Altamonte Bay Club. During her interview for that promotion, the Plaintiff informed the District Manager that she was pregnant and due to deliver in May of 2004. The Plaintiff also informed the District Manager that she would apply for coverage under the Family and Medical Leave Act for the birth, but that she planned to work up until her due date, unless she was advised otherwise by her physician. After being advised of the Plaintiff's pregnancy, the District Manager withdrew the offer of promotion.

The Plaintiff continued working as Assistant Property Manager until February of 2004, when she applied for, and was approved for, coverage under the Family and Medical Leave Act, after her physician advised her of a serious health condition connected with her pregnancy. While the Plaintiff was on leave, she continued to perform her job duties, received regular paychecks, and accrued vacation and sick time.[3]

---

Massachusetts. *See* www.sec.gov/Archives/edgar/data/869446/0001047469-99-034084.txt (Form PRER14A filed August 30, 1999 by Berkshire Realty Co., Inc.).

[3] It is not clear how someone who was on leave from their job for a serious health condition continued to perform the duties of their job. BRH does not, however, at least at this stage, dispute this allegation.

In May of 2004, while still on leave, the Plaintiff sought, and was again denied, a promotion to the Property Manager position. She was scheduled to return from leave on June 28, 2004. However, her employment was terminated on June 21, 2004.

C. Claims and Arguments

The Plaintiff's first claim under Title VII asserts that BRH's agents discriminated against her with respect to the terms and conditions of her employment because of her gender, and that her gender was a motivating factor in BRH's decisions regarding her hiring, promotion, assignment, compensation and discharge. She also asserts that BRH's actions were discriminatory under theories of disparate treatment and disparate impact.

In Count 2, the Plaintiff alleges that BRH and its agents or employees discriminated against her because of her pregnancy with respect to the terms, conditions or privileges of her employment in violation of 29 C.F.R. section 1604.10, Title VII, and the Pregnancy Discrimination Act. She alleges that BRH denied her an equal opportunity for employment to which all qualified persons are entitled based on her pregnancy, without regard for her ability to perform the essential functions of her job.

The Plaintiff's third count asserts that she timely informed BRH of her pregnancy, provided BRH with notification and medical certification of the necessity of her requested leave, and applied for and was granted FMLA leave, but that BRH denied and interfered with her rights under the FMLA.

BRH asserts that the Complaint should be dismissed for several reasons. As to Count 1, BRH first argues that the EEOC charge the Plaintiff filed does not mention the alleged failure to promote her, and thus she failed to exhaust the statutory conditions precedent to bringing this

claim, which is now barred by the applicable statute of limitations. In addition, BRH asserts that the Plaintiff has failed to establish a *prima facie* case of gender discrimination because she has not alleged that she was qualified for the Property Manager position and rejected in spite of her qualifications, nor has she alleged that the position went to an equally or less qualified male employee. As to Count 2, BRH first argues that the EEOC charge also fails to identify any facts regarding pregnancy discrimination, and thus she failed to exhaust the statutory and administrative conditions precedent to bringing this claim, which is now barred by the applicable statute of limitations. BRH also argues that the Plaintiff failed to state a *prima facie* case of pregnancy discrimination, in that she has not alleged facts demonstrating how she suffered from a differential application of rules or was otherwise discriminated against because of her pregnancy. Finally, as to Count 3, BRH asserts that the Plaintiff was not employed for twelve months and had not worked at least 1250 hours during those months, and thus she was not eligible for leave under the FMLA.

## II.     Standard of Review

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the Plaintiff, *Cannon v. Macon County*, 1 F.3d 1558, 1565 (11th Cir. 1993), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969), and will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that the Plaintiff cannot prove any set of facts that support a claim for relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, "conclusory

allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), the rule to be applied is that, "courts must be mindful that the Federal Rules [of Civil Procedure] require only that the complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief." *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (*citing* FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Id*. (internal citation and quotation omitted). "A complaint need not specify in detail the precise theory giving rise to recovery. All that is required is that the defendant be on notice as to the claim being asserted against him and the grounds on which it rests." *Sams v. United Food & Comm'l Workers Int'l Union, AFL-CIO, CLC*, 866 F.2d 1380, 1384 (11th Cir. 1989).

### III.   Legal Analysis

A. Title VII Statutory & Administrative Conditions Precedent

A potential plaintiff seeking to sue for discrimination under Title VII must first exhaust her administrative remedies, the first step of which is to file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001). Here, BRH argues for dismissal of both the gender and pregnancy discrimination claims on the ground that the Plaintiff has failed to exhaust these conditions

because her EEOC charge is insufficient. (Doc. 9 at 4, 6). BRH attached a copy of the Plaintiff's EEOC charge to its Motion, (*see* Doc. 9, Ex. A), to which the Plaintiff responded by attaching what she claims is a complete narrative originally filed with her EEOC charge, (*see* Doc. 14, Ex. A). In its Reply, BRH challenged the Plaintiff's use of that narrative, (*see* Doc. 15 at 3), thereby creating a factual dispute over the contents of the EEOC charge, which dispute the Court is unable to resolve at this stage.[4] Therefore, the Court will not consider the documents submitted by either party, and instead will rely solely on the contents of the Plaintiff's Complaint.

In her Complaint, the Plaintiff alleges that "[a]ll conditions precedent to the bringing of this action have been met." (Doc. 1 at 2). Taking this allegation as true, which the Court must at the motion to dismiss stage, the Court finds that the Plaintiff has sufficiently alleged that she has met the statutory and administrative conditions precedent to the filing of a Title VII claim. Accordingly, BRH's Motion to Dismiss the gender and pregnancy discrimination claims on the grounds that the EEOC charge is insufficient will be denied.

B. Gender Discrimination - Title VII

Title VII provides, in relevant part, that:

It shall be an unlawful employment practice for an employer –

>  (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex . . . .

42 U.S.C. 2000e-2(a)(1). In a Title VII case, a plaintiff can make her case under either a theory of disparate treatment or disparate impact. *Mitchell v. Jefferson County Bd. of Educ.*, 936 F.2d 539,

---

[4] This is not to say, however, that BRH cannot raise this issue again at a later date.

546 (11th Cir. 1991).[5]  In a disparate treatment case, the plaintiff must show "discriminatory animus on the part of the defendant[,]" *Edwards v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1520 (11th Cir. 1995), or, in other words, "must prove that the employer intentionally discriminated against her."  *Mitchell*, 936 F.2d at 546.  If the plaintiff cannot present direct evidence of discriminatory intent, she may offer "circumstantial evidence from which an inference of intentional discrimination may be drawn."  *Armstrong v. Flowers Hosp., Inc.*, 33 F.3d 1308, 1313 (11th Cir. 1994).  To establish a *prima facie* case of a discriminatory discharge (treatment) claim, a plaintiff must show: "(1) [she] is a member of a protected class; (2) [she] was qualified for the position at issue; (3) [she] was discharged despite [her] qualification; and (4) [she] was subject to differential treatment, that is, [s]he was . . . replaced by someone who was not a member of [her] protected class . . . ."  *Keel v. U.S. Dept. of Air Force*, 256 F. Supp. 2d 1269, 1285 (M.D. Ala. 2003) (internal citation and quotation ommitted); *accord Edwards*, 49 F.3d at 1521.[6]

In contrast, a plaintiff may state a claim under a theory of disparate impact "by proving that some employment practice that is facially neutral in its treatment of similarly situated employees has a disproportionately adverse effect on those employees who are a member of some protected

---

[5] "Demonstrating a *prima facie* case is not onerous; it requires only that the plaintiff establish facts adequate to permit an inference of discrimination."  *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997).

[6] The Plaintiff appears to allege discrimination in both her discharge and the failure to promote her.  The standard for a *prima facie* case of discrimination in a promotional decision is virtually the same as that in a discriminatory discharge case.  *See Lee v. GTE Fla., Inc.*, 226 F.3d 1249, 1253 (11th Cir. 2000) ("To establish a *prima facie* case of Title VII sex discrimination in a promotional decision, a plaintiff must prove: (1) that she is a member of a protected minority; (2) that she was qualified and applied for the promotion; (3) that she was rejected despite these qualifications; and (4) other equally or less qualified employees who are not members of the protected minority were promoted.").

class." *Mitchell*, 936 F.2d at 546.  Although the plaintiff does not have to prove discriminatory intent, she "must identify a specific employment practice that leads to the disparate impact." *Edwards*, 49 F.3d at 1520.  The plaintiff may establish a *prima facie* case of discrimination on the basis of statistical evidence, as by comparing the composition of the persons in the labor pool qualified for the position at issue with the people actually holding that position.  *Holifield v. Reno*, 115 F.3d 1555, 1561 (11th Cir. 1997); *Edwards*, 49 F.3d at 1520.  In doing so, however, the plaintiff "must demonstrate that the allegedly discriminatory practice or test is connected to the disparate impact." *Edwards*, 49 F.3d at 1520; *see also Armstrong*, 33 F.3d at 1314 (to establish *prima facie* case, plaintiff must identify specific employment practice that has disproportionate impact and establish causation through statistical evidence showing that practice has resulted in discrimination).  In this case, the Plaintiff has failed to allege the existence of a "specific employment practice," nor has she made any allegations regarding the disparate impact of such a practice.[7]  Thus, notwithstanding her assertion that her claim should be analyzed under a theory of disparate impact, (*see* Doc. 1 at 4), the Court finds that she has not made sufficient allegations in this regard, and therefore the Court's analysis will focus solely on the disparate treatment theory.

   *1) Promotions*

   The Plaintiff's claims of discrimination in promotions are deficient because she fails to address two of the four elements of a *prima facie* discrimination claim.  First, the Plaintiff's Complaint does not allege that she was qualified for the managerial position to which she sought

---

[7] The Plaintiff does allege that she "was terminated as a result of the Defendant's discriminatory practices." (Doc. 1 at 4).  However, this is nothing more than a conclusory allegation without supporting facts, and is insufficient to survive a motion to dismiss.  *Davila*, 326 F.3d at 1185.

promotion in May of 2004.[8]  Second, and more importantly, she does not allege that an equally or less qualified employee who was not a member of her protected class was promoted in her stead to either position.[9]  Thus, her claims in Count 1 of gender discrimination in promotions will be dismissed.

*2) Discharge*

The Plaintiff's claim of discriminatory discharge similarly fails because she does not allege that she was replaced by someone who was not a member of her protected class.[10]  Thus, her claim in Count 1 of discriminatory discharge will be dismissed.[11]

---

[8] Although she does not allege that she was qualified for the position to which she sought promotion in November of 2003, the Court may infer her qualifications for that position from the fact that her employer initially approached her and offered her that position.

[9] Indeed, although the Court is not considering the Plaintiff's EEOC narrative for factual support at this stage, a review of that document reveals that another female was promoted in her stead, (*see* Doc. 14, Ex. A at 1 ("They gave the position to someone who had never worked for the company, A SINGLE WOMAN . . . .")) (emphasis in original); (*id*. at 2 ("They hired a new manager . . . A SINGLE WOMAN . . . .")) (emphasis in original), and thus it is entirely unclear how the Plaintiff can truthfully allege gender discrimination.

[10] Indeed, her EEOC narrative reveals that her position was offered to another female employee.  (*See* Doc. 14, Att. A at 2).

[11] The Complaint discusses two instances in which the Plaintiff was denied a promotion, as well as her termination.  Thus, although the Complaint alleges generally that gender was a factor in the Defendant's employment decisions regarding the Plaintiff's hiring, assignment and compensation, the facts as alleged only support claims related to promotions and discharge.  Accordingly, because the Court has dismissed the claims arising from both the instances involving promotions, as well as the claim arising from her discharge, Count 1 is dismissed in its entirety.  It is unclear whether the Plaintiff asserts that her discrimination claims are based not on gender discrimination but, instead, on pregnancy discrimination as a form of sexual discrimination.  The Plaintiff has clearly alleged two separate claims for gender discrimination and pregnancy discrimination.  While both are legitimate causes of action in their own right, the analysis for the two claims is essentially the same, *Armstrong*, 33 F.3d at 1312-13, and thus it appears that using the same facts to support two purportedly different claims would be redundant and permit the Plaintiff two bites at the apple when only one would be

C. Pregnancy Discrimination

Congress amended Title VII by enacting the Pregnancy Discrimination Act, which expands the definition of sexual discrimination and states, in relevant part,

> The terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes, including receipt of benefits under fringe benefit programs, as other persons not so affected but similar in their ability or inability to work, and nothing in section 2000e-2(h) of this title shall be interpreted to permit otherwise.

42 U.S.C. § 2000e(k).  Pregnancy is therefore a protected classification under the statute. *Maddox v. Grandview Care Ctr., Inc.*, 780 F.2d 987, 989 (11th Cir. 1986).  Title VII's substantive rules regarding sex-based employment discrimination thus apply with equal force to employment discrimination based on pregnancy, and the "analysis required for a pregnancy discrimination claim is the same type of analysis used in other Title VII sex discrimination suits." *Armstrong*, 33 F.3d at 1312-13.  Thus, to state a *prima facie* case of pregnancy discrimination under Title VII, the plaintiff must show that: "1) she was a member of a protected class, 2) she was qualified for her position, 3) she suffered an adverse effect upon her employment, and 4) she suffered from differential application of work or disciplinary rules." *Armindo v. Padlocker, Inc.*, 71 F. Supp. 2d 1238, 1239 (S.D. Fla. 1998).

The Complaint does not contain any allegations supporting a claim of differential treatment in either promotions or discharge, because the Plaintiff does not allege in her Complaint that she

---

warranted.

was treated differently than a non-member of her protected class.[12]  Specifically, the Plaintiff's Complaint fails to allege that a non-member of the Plaintiff's protected class was promoted in her stead, or that after she was terminated, a non-member replaced her.  Therefore, Count 2 will be dismissed.[13]

      D. Family and Medical Leave Act

The FMLA provides that eligible employees are entitled to a total of twelve workweeks of leave during any twelve month period for, *inter alia*, the birth of a child of the employee in order to care for that child.  29 U.S.C. § 2612(a)(1)(A).  Where an eligible employee takes leave under section 2612, that employee is entitled, upon return from leave, to be restored to the position she held when the leave began, or to an equivalent position with equivalent benefits, pay and terms and conditions of employment.  29 U.S.C. § 2614(1).  The FMLA defines "eligible employees" as "an employee who has been employed – (i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period."  29 U.S.C. § 2611(2)(A); *see also Morrison v. Amway Corp.*, 336 F. Supp. 2d 1193, 1196 (M.D. Fla. 2003).  "Thus, an employee who has less than 1,250 hours of service in the previous twelve-month period is not entitled to the protections of the FMLA and may not maintain an action under the Act."  *Rich v. Delta Air Lines*,

---

[12] BRH argues that Count 2 should be dismissed because the Plaintiff fails to allege facts showing differential treatment under applicable rules or that she was otherwise discriminated against because of her pregnancy. BRH does not appear to dispute the other 3 elements.

[13] As the Court noted in section III(B)(1), *supra*, the Plaintiff has not alleged that she was qualified for either position to which she sought promotion, particularly the position she sought in May of 2004. However, the Defendant did not raise this issue as a ground for dismissal of Count 2. Nonetheless, upon amending her Complaint, the Plaintiff should be prepared to correct this deficiency.

Inc., 921 F. Supp. 767, 772 (N.D. Ga. 1996); *see also Walker v. Elmore County Bd. of Educ.*, 379 F.3d 1249, 1253 (11th Cir. 2004) (request made by ineligible employee for leave that would begin while she was still ineligible is not protected by FMLA); *Morehardt v. Spirit Airlines, Inc.*, 174 F. Supp. 2d 1272, 1278 (M.D. Fla. 2001).[14]

The Plaintiff, who clearly does not meet the FMLA eligibility requirements as she had only worked nine months prior to going on leave, argues that BRH waived the ineligibility defense because even though BRH was not required to offer her benefits under the FMLA, BRH "voluntarily accepted her into the company's [FMLA] Program." (Doc. 14 at 3-4). The Plaintiff does not, however, cite any legal authority to support her position and, in any event, the Court is not persuaded that an employer can waive the eligibility requirements of the FMLA. "The statutory text is perfectly clear and covers the issue. The right of family leave is conferred only on employees who have worked at least 1,250 hours in the previous 12 months." *Brungart v. Bellsouth Telecomm., Inc.*, 231 F.3d 791, 796 (11th Cir. 2000) (internal citation and quotation omitted). Congress thus imposed clear statutory prerequisites for bringing an FMLA claim, and did not provide for a waiver of these minimum eligibility requirements. *Stewart v. Intem, Inc.*, 2000 WL 1140517, 5 (D. Or. 2000); *Brown v. DaimlerChrysler Corp.*, 1999 WL 766021, 2 (N.D. Tex. 1999) (FMLA does not provide for waiver of eligibility requirements even where employer has taken action precluding employee from becoming statutorily eligible); *Seaman v. Downtown*

---

[14] "The determination of whether an employee has been employed for at least twelve months for FMLA eligibility must be made as of the date leave commences." *Pennant v. Convergys Corp.*, 368 F. Supp. 2d 1307, 1310 (S.D. Fla. 2005) (internal citation and quotation omitted); *see also Butler v. Owens-Brockway Plastic Prods., Inc.*, 199 F.3d 314, 316 (6th Cir. 1999) (1250 hours of service must be computed from date of commencement of leave, not from date of adverse action).

*P'ship of Baltimore, Inc.*, 991 F. Supp. 751, 754 (D. Md. 1998) (Department of Labor may not require employers to waive eligibility requirements).  To permit a waiver of statutory eligibility requirements would contravene clear legislative intent and impermissibly expand the class of persons to whom protection under the FMLA is afforded.  Accordingly, the Court rejects the Plaintiff's waiver argument.[15]

The Court notes that some courts have considered the application of the doctrine of estoppel in certain circumstances involving FMLA claims, and have endorsed the idea that a defendant employer could be estopped from asserting an employee's ineligibility under the FMLA under appropriate circumstances.  *See Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 493-94 (8th

---

[15] Courts have rejected attempts to skirt the minimum eligibility requirements in a variety of circumstances.  Courts have rejected arguments that an employee's statutory ineligibility should not be fatal to an FMLA claim where the actions of the employer prevented the employee from meeting those requirements.  *See Shutze v. Fin. Computer Software, L.P.*, 2004 WL 2058507, 3 (N.D. Tex. Sept. 14, 2004) (rejecting argument that employee would have qualified but for employer's termination of employee); *Stewart*, 2000 WL 1140517 at 5 (inability to meet eligibility requirements was fatal to FMLA claim, notwithstanding fact that employer terminated employee thereby precluding her from fulfilling requirements); *Brown*, 1999 WL 766021 at 2 (rejecting argument that failure to work required number of hours was due to employer's failure to permit employee to perform light duty).  Courts have also rejected plaintiffs' arguments that an employer who initially determines that an employee has a serious health condition and thus is entitled to FMLA leave cannot later reconsider that determination.  *Nordquist v. City Fin. Co.*, 173 F. Supp. 2d 537, 540-41 (N.D. Miss. 2001) (in absence of evidence of detrimental reliance, employer would not be estopped from reversing eligibility determination, and thus employee who did not meet FMLA eligibility requirements was not afforded coverage); *Fisher v. State Farm Mut. Auto. Ins. Co.*, 999 F. Supp. 866, 870 (E.D. Tex. 1998) (rejecting waiver argument); *but see Wheeler v. Pioneer Developmental Servs., Inc.*, 349 F. Supp. 2d 158, 168 (D. Mass. 2004) (employer who fails to invoke statutory remedies available for challenging employee's claim of incapacity waives those rights and therefore is precluded from later challenging propriety of employee's leave request).  Finally, parties cannot contract around the eligibility requirements of the FMLA.  *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 608-9 (6th Cir. 1998) (in federal question case under FMLA, where employer did not technically fall within ambit of statute, but still agreed to abide by its terms, court found that such agreement did not bring the parties within the FMLA because to do so would enable them to contract around court's lack of subject matter jurisdiction; parties cannot create subject matter jurisdiction by contract, nor can they waive court's lack of subject matter jurisdiction).

Cir. 2002) (employer estopped from asserting defense that employee exhausted all of FMLA leave to which he was entitled, because employer sent employee a letter guaranteeing extended leave beyond that required by FMLA and guaranteeing that all of leave time was covered under FMLA, upon which employee reasonably relied to his detriment); *Kosakow v. New Rochelle Radiology Assocs. P.C.*, 274 F.3d 706, 727 (2nd Cir. 2001) (district court could find that employer was estopped from asserting that employee was ineligible for FMLA leave where employer failed to post required notices informing employees of what was required in order to qualify for FMLA protection); *Dormeyer v. Comerica Bank - Ill.*, 223 F.3d 579, 582 (7th Cir. 2000) (employer who, by silence, misled employee concerning entitlement to FMLA leave could, if employee reasonably relied and was harmed as a result, be estopped to plead defense of ineligibility).  However, even if the Court were to construe the Plaintiff's waiver argument as one of estoppel, the application of estoppel requires a showing of detrimental reliance and, absent evidence thereof, which is lacking in both the Complaint and the Plaintiff's Response, no grounds exist to invoke estoppel. *Brungart*, 231 F.3d at 797 n.4 (noting that the facts did not support a claim of detrimental reliance, and thus "declin[ing] to speculate about what the result might be if there had been facts to support a detrimental reliance argument.").[16]

---

[16] In *Pennant v. Convergys Corp.*, 368 F. Supp. 2d 1307 (S.D. Fla. 2005), the court rejected an argument by a plaintiff (who similarly did not meet the minimum eligibility requirements) that the defendant employer was estopped from asserting the plaintiff's ineligibility for FMLA coverage because of alleged representations made to the plaintiff by his supervisor. *Id*. at 1313.  The court noted that there was no applicable Eleventh Circuit law applying the doctrine of estoppel in FMLA cases and, absent a directive from the Eleventh Circuit, the court declined to apply the doctrine of estoppel. *Id*.  The court noted, however, that "notwithstanding any alleged deficiency in the defendant's affirmative defenses, the fact remains that in order for an employee to qualify for leave under the FMLA [s]he must have accumulated at least 1,250 hours of service. The burden is on the plaintiff to prove that [s]he qualified for FMLA leave." *Id*. at 1310 n.3 (internal citation and quotation omitted).

Therefore, because the Plaintiff has not alleged facts showing that she meets the minimum requirements for eligibility for FMLA coverage, she cannot claim that she was denied benefits under that statute. *Morehardt*, 174 F. Supp. 2d at 1278. Accordingly, Count 3 will be dismissed.

## IV.   Conclusion

For the reasons stated herein, the Plaintiff's Complaint will be dismissed. Accordingly, it is

**ORDERED THAT** BRH's Motion to Dismiss (Doc. 9) is GRANTED. The Plaintiff shall have twenty days to replead in a manner consistent with this Order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 2, 2005.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party